UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID B. CAVANAUGH,                    CASE NO. 00-8662

    Plaintiff,                          CIV-RYSKAMP

vs.                                    MAGISTRATE JUDGE
                                       VITUNAC
NATIONAL COUNCIL ON
COMPENSATION INSURANCE,
INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, DAVID B. CAVANAUGH (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel; and sues the Defendant, NATIONAL COUNCIL ON COMPENSATION INSURANCE, INC. (hereinafter referred to as "NCCI"), and states as follows:

### JURISDICTION

1.    This is a claim for damages by the Plaintiff against NCCI, a corporation licensed to do business in the State of Florida and doing business in Florida at all times material hereto.

2.    Plaintiff states herein federal claims under the ERISA provisions of Federal law (29 U.S.C. §1132(a)) providing this Court with Federal Question Jurisdiction. Additionally, Plaintiff states claims for declaratory relief under ERISA and the ADEA, a claim for damages under the ADEA and a claim for unpaid wages or compensation under state law.

## PARTIES

3. Plaintiff was at all times material hereto, a resident of Palm Beach County, Florida.

4. Plaintiff was an employee of NCCI for well over 14 years.

5. NCCI is and was a corporation licensed to do business in the State of Florida and was doing business in Palm Beach County, Florida, as well as every other county in the State of Florida.

6. NCCI was at all times material hereto engaged in an industry effecting commerce and employed more than twenty (20) regular employees.

## COUNT I

### §510 CLAIM OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974

7. Plaintiff was a participant in the NCCI retirement pension plan, one subject to the dictates of the Employee Retirement Income Security Act of 1974.

8. Recently NCCI amended their pension plan and went from a pension retirement system to a cash balance system.

9. Plaintiff was terminated by NCCI without cause for the purpose of denying him the right to future accrual of pension benefits.

10. Plaintiff was grand fathered in to the old pension system and if Plaintiff continued to be employed at NCCI and was not terminated, he would have accrued significant, substantial pension benefits far superior to those that would have been available under the cash balance system.

11. Plaintiff has been working for the Defendant for well over fourteen (14) years. Plaintiff was terminated in September of 1999.

12. Plaintiff easily could have worked until the age of 67, allowing him an additional six (6) plus years to add to his retirement pension.

13. Because Plaintiff was terminated six (6) years before natural retirement age, he will be unable to accrue additional pension benefits under a pension plan that is premised upon years of service.

14. Plaintiff was an exemplary employee and has received positive performance evaluations for his entire career with NCCI.

15. NCCI intentionally interfered with Plaintiff's protected rights to receive future benefits under the pension plan in violation of 29 U.S.C. §1140.

16. Additionally, NCCI did the foregoing with willful and wanton disregard of Plaintiff's rights by conditioning benefits due Plaintiff under NCCI'S well-established severance payment plan upon Plaintiff, waiving his rights to pursue a cause of action under ERISA, or other discrimination statutes.

17. By virtue of NCCI'S demand that the Plaintiff waive all rights to all employment claims, including, but not limited to his ERISA claim, NCCI has illegally attempted to extort Plaintiff's release of substantial claims by refusing to provide an employee benefit that is vested in Plaintiff.

18. NCCI'S illegal acts, as alleged herein, are the proximate cause of substantial damages to Plaintiff.

WHEREFORE, based upon the foregoing allegations, Plaintiff requests the following relief:

    a) An award of benefits to Plaintiff for which he is entitled under the pension plan;

    b) A declaratory judgment for the practices complained of as being unlawful and

void;

  c) An award of prejudgment and post judgment interest on all amounts awardable to Plaintiff;

  d) An award of all costs and attorney's fees pursuant to 29 U.S.C. 1132(g)(1) and 502(g)(1);

  e) An order requesting immediate reinstatement to Plaintiff of his former position; or, in the alternative, an order awarding front pay to Plaintiff until he can be placed in a position and salary he would have been in, but for NCCI'S unlawful acts; or, up and until the time he would have retired.

  f) An Order awarding all lost back pay;

  g) An award of all compensatory damages incurred by the Plaintiff;

  h) An award of punitive damages;

  i) Such other and further relief as this Court deems just and proper, including injunctive relief of any kind, and a jury trial of those rights so triable; and

  j) Severance benefits wrongfully denied.

## COUNT II

### AGE DISCRIMINATION IN EMPLOYMENT ACT

  19. Plaintiff has performed all conditions precedent to the filing of the instant Age Discrimination claim under the ADEA, including filing with the Equal Employment Opportunity Commission, a Complaint of Age Discrimination. Additionally, the Plaintiff has awaited a period of sixty (60) days before the filing of the instant action.

20. Plaintiff was an employee of the NCCI for well over 14 years. Plaintiff always received exemplary evaluations.

21. Plaintiff was terminated by NCCI. Plaintiff's age, i.e., fifty-four (54), was a substantial motivating factor for Plaintiff's termination.

22. Plaintiff was qualified for the position he held with NCCI.

23. Plaintiff's position and/or his functional responsibilities were assumed or taken over by an individual or individuals significantly younger than the Plaintiff.

24. As a direct and natural result of the age discrimination in violation of 29 U.S.C. §626(b)(c) and (d), Plaintiff has suffered the following losses for which he is entitled to recovery:

   a) lost past wages and benefits;

   b) lost future wages and benefits, including lost pension benefits;

   c) compensatory losses for other economic losses such as expenses for searching for other employment and emotional pain and suffering;

   d) mental anguish and humiliation; and

   e) loss of enjoyment of life.

25. All of the foregoing losses were proximately caused by NCCI'S termination of Plaintiff based upon Plaintiff's age and violate 29 U.S.C. §623.

WHEREFORE, Plaintiff respectfully requests a trial by jury on all of the issues so triable, an award of attorneys fee and costs pursuant to the ADEA (29 U.S.C. §626(b) and §216(b)), and such other and further relief as this Court deems just and proper.

## COUNT III

## DECLARATORY AND EQUITABLE RELIEF UNDER THE ADEA

26. Pursuant to the ADEA, a plaintiff may seek equitable relief from a Federal Court with jurisdiction and pursuant to Federal Statute 29 U.S.C. §626(c).

27. NCCI would not pay severance benefits pursuant to a well established plan in the absence of the Plaintiff's release of good and valuable rights under the ADEA.

28. Plaintiff's fourteen (14) years of employment and contribution to the company entitled him to this employee benefit of severance benefits. NCCI'S attempt to have Plaintiff waive all good and valuable rights under the ADEA is a violation of both contractual law and ADEA.

29. In fact, NCCI'S insistence that Plaintiff waive valuable statutory rights under Federal law for Age Discrimination and withholding benefits due under a well established severance plan is illegal retaliation for Plaintiff bringing an Age Discrimination claim in the first instance with the EEOC.

30. Additionally, NCCI, under their severance plan agreement, sought to have Plaintiff extinguish valuable rights for absolutely no consideration.

31. Under NCCI'S severance plans, those who seek to bring a claim under a federally granted statutory right (ADEA) are summarily denied benefits accrued over a long and lengthy career.

32. NCCI'S severance plan is simply an unconscionable obliteration of several valuable federal rights (including those under ADEA) and allows NCCI to flout the federal dictates against discrimination.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court take equitable jurisdiction over the review of NCCI'S plan and decree that same is void for the following reasons:

a) Lack and/or failure of consideration;

b) As a violation of the Age Discrimination and Employment Act;

c) As per se retaliation under ADEA;

d) Plaintiff requests and award of benefits with statutory interest since the date of termination; and

e) An award of attorneys fees under 29 U.S.C. 626(b) and §216(b).

## COUNT IV

## PENDANT STATE CLAIM FOR UNPAID WAGES OR COMPENSATION

33. Plaintiff, at the time of his forced retirement, was entitled to benefits pursuant to NCCI'S Incentive Compensation Plan earned during 1999.

34. Officials within NCCI, informed Plaintiff that he was being treated as a retiree and was eligible for ICP or Incentive Compensation Payout for 1999.

35. The base amount of Plaintiff's ICP is fourteen (14%) percent of his annual salary.

36. Subsequently, Plaintiff made a demand for payment of this compensation and has been told by NCCI'S agents that he will not be given such compensation.

37. Plaintiff is treated as a retiree for all other benefits with NCCI, including health benefits and pension rights.

38. Additionally, NCCI is equitably estopped from attempting to deny Plaintiff his ICP benefits in that in all other respects on NCCI'S books, he is considered a retiree and is represented as such on NCCI'S books.

WHEREFORE, Plaintiff respectfully requests entry of an award for unpaid employee compensation under NCCI'S ICP; prejudgment interest from the date of Plaintiff's forced retirement; attorneys fees and costs pursuant to Florida Statute §448.08; and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all of the issues so triable by law.

RUSH & MANOOGIAN, P.A.
Attorneys for Plaintiff
2240 Woolbright Road, Suite 412
Boynton Beach, Florida 33426
Telephone: (561) 369-3331
Facsimile : (561) 369-5902

By: _____
Christopher J. Rush, Esquire
(Florida Bar No. 621706)

JS 44
(Rev. 12/96)    Case 9:00-cv-08662-KLR   Document 1   Entered on FLSD Docket 07/21/2000   Page 9 of 9

# CIVIL COVER SHEET    00-8662

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| David B. Cavanaugh | National Council on Compensation Insurance, Inc. |

**CIV-RYSKAMP**

**MAGISTRATE JUDGE VITUNAC**

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Palm Beach | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Palm Beach |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Rush & Manoogian, P.A.   (561) 369-3331<br>2240 Woolbright Road, Suite 412<br>Boynton Beach, Florida 33426 | |

(d) CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   (PALM BEACH),   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE   HIGHLANDS

## II. BASIS OF JURISDICTION   (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☒ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Federal claims under the ERISA provisions law (29 USC 11132(a)), and a claim for declaratory relief under ERISA and the ADEA, claim for damages under the ADEA and a claim for unpaid wages or compensation under state law.

LENGTH OF TRIAL
via 6 days estimated (for both sides to try entire case)

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A **CLASS ACTION**<br>☐ UNDER F.R.C.P. 23 | DEMAND $<br>Undetermined | CHECK YES only if demanded in complaint:<br>JURY DEMAND: ☒ YES   ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | (See instructions): | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| July 18, 2000 | |

**FOR OFFICE USE ONLY**

RECEIPT # 72864   AMOUNT $150.00   APPLYING IFP _____   JUDGE Ryskamp   MAG. JUDGE Vitunac