IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Case No.: 99-9077-CIV-HURLEY/LYNCH

UNITED STATES EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION and CARRIE )
SABZALIAN, )
)
      Plaintiffs, )
v. )
)
ATLANTIS GOLF CLUB, INC., )
)
      Defendant. )
_____ )

### PLAINTIFF EEOC'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGEDLY OFFENSIVE BEHAVIOR DONE OUTSIDE THE PRESENCE OF PLAINTIFF, SABZALIAN AND ALL TESTIMONY REGARDING THE ALLEGED INFIDELITY OF PAM BERGSMA

Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or the "Commission"), hereby submits this Response to Defendant's, Atlantis Golf Club, Inc.'s ("Atlantis"), Motions in Limine to Exclude Evidence of Allegedly Offensive Behavior Done Outside the Presence of Plaintiff, Sabzalian, and All Testimony Regarding Alleged Infidelity of Pam Bergsma.

These motions are two (2) in a series of six (6) motions filed by the Defendant in an attempt to obtain an exclusionary bar to relevant evidence supporting EEOC's claims prior to trial. Specifically, Defendant argues that evidence relating to Walle Bergsma's advances toward Plaintiff Carrie Sabzalian's predecessor and testimony regarding Pam Bergsma's extended stays away from home with another man should be excluded on the grounds that (1) it is not relevant; and (2) even if relevant, its probative value is substantially outweighed by the risk of unfair prejudice. Moreover,

1

Defendant also claims that the evidence regarding Walle Bergsma should be excluded as inadmissible hearsay, pursuant to Fed. R. Evid. 801, and/or as a "prior bad act" pursuant to Fed. R. Evid. 404.

The motion is clearly premature. The issues raised by Defendant require the development of trial testimony to allow the Court to make an informed determination of whether the evidence will or will not be admissible regarding material facts during trial as relevant impeachment evidence, contradiction evidence, character evidence for truthfulness, or for some other evidentiary purpose. Moreover, the evidence regarding Walle Bergsma's advances toward another female employee are relevant to the extent they refute Defendant's assertion that it took reasonable steps to *prevent* the harassing conduct at issue in this case. As such, Defendant's motions should be denied.

## I.   BACKGROUND

EEOC brought this action against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Carrie Sabzalian. Specifically, Defendant violated Sections 703(a) (1) and 704 (a) of Title VII, by subjecting Carrie Sabzalian to unwelcome sexual harassment by her immediate supervisor Walle Bergsma, in the form of physical, verbal, and written conduct of a sexual nature. The unwelcome sexual harassment was sufficiently severe and pervasive to affect the terms and conditions of her employment and to create an intimidating, hostile, and offensive work environment. Ms. Sabzalian repeatedly complained of the harassment to the Defendant, but Defendant failed to take reasonable steps to promptly correct the harassment. When Ms. Sabzalian opposed the sexual harassment, Defendant took retaliatory action by discharging her employment with Defendant.

During the discovery phase of this litigation, EEOC took the deposition of Walle Bergsma's

wife, Pam Bergsma. During that deposition, Mrs. Bergsma offered testimony regarding overnight travels with a man other than her husband.

Also during discovery in this case, Defendant took the deposition of Plaintiff Carrie Sabzalian. During that deposition, Ms. Sabzalian testified that she had heard that Walle Bergsma had asked a former hostess out on dates and had an altercation with the hostess' boyfriend.

## II.     DEFENDANT'S MOTION REGARDING PAM BERGSMA IS PREMATURE.

Defendant's blanket recitation of Fed. R. Evid. 402 and 403 as grounds for exclusion are premature. At this point in time neither the Court nor the parties can predict what evidentiary issues may unfold at trial regarding Pam Bergsma's alleged infidelity.

Although motions in limine may operate as tools in streamlining issues before trial, in limine motions should not act as tools to place the trial judge in a difficult position to decide on the admissibility of evidence without the factual development of evidentiary issues for consideration. In United States v. Feola, 651 F.Supp. 1068, 1129 (S.D.N.Y 1987), *aff'd, 875 F.2d 857 (2d Cir.), cert. denied,* 493 U.S. 834 (1989), the Court found that the issue of the admissibility of the statement was premature, since it would be:

> [I]mproper for the Court to speculate as to the circumstances that might surround the introduction of this evidence at trial, specifically, the adequacy of the foundation which will be set forth for the purpose of authentication, the probative value weighed against the potential prejudicial impact in light of the evidence presented, and the purpose for which such a statement will be introduced at that time.

Here, Defendant cites in its motions that any testimony offered regarding Mrs. Bergsma's alleged infidelity is irrelevant and prejudicial, as such, should be excluded from evidence.

Defendant points to several circumstances under which the statements in question may suitably be inadmissible. However, at present, it is unknown whether any of these statements will

be offered as evidence, and further, if so, in what context these statements might be used at trial. Clearly, as an evidentiary matter, it is virtually impossible to anticipate or calculate what, if anything, may occur at trial to warrant this evidence admissible or inadmissible.   Rule 401 of the Federal Rules of Evidence governing relevancy states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

To this end, the evidence may be offered for purposes of prior inconsistent impeachment (also known as "self-contraction"); contradiction evidence; character impeachment (propensity for lack of veracity); or for some other evidentiary purpose.  Indeed the relevance of the evidence at issue in Defendant's motion will depend largely on the representations made by Walle and Pam Bergsma at trial.

Because the Defendant's motion in limine regarding Pam Bergsma only generalizes the evidence in question, it places the Court in a difficulty position to render a final decision on the relevancy and prejudicial effect of this evidence.  Therefore, the necessity for the factual context of the evidence in this case to be fully developed should be favored by all parties to this litigation to allow the Court the opportunity to fully evaluate and determine the admissibility of the challenged statements at trial.

### III.   EVIDENCE OF SIMILAR OFFENSIVE CONDUCT BY WALLE BERGSMA IS RELEVANT TO REFUTE DEFENDANT'S CLAIM THAT IT IS ENTITLED TO THE FARAGHER DEFENSE.

Throughout this litigation, Defendant has claimed that it is shielded from liability in this case of egregious harassment pursuant to the *Faragher* defense.  This defense is comprised of two

necessary elements: (1) that Defendant exercised reasonable care to prevent and correct promptly the sexually harassing behavior of its Dining Room Manager; and (2) that Ms. Sabzalian unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or otherwise avoid any harm. Defendant strenuously argues that it has sufficiently met both elements and will most likely continue to do so at trial. As such, EEOC must be entitled to present evidence to refute Defendant's position. Evidence which demonstrates that Defendant allowed Walle Bergsma to engage in the very same sexually harassing conduct as that alleged here is clearly relevant to Defendant's claim that it took reasonable steps to prevent the conduct at issue. The relevance of such evidence can not be said to be substantially outweighed by unfair prejudice simply because it supports EEOC's position.

Defendant also argues that this evidence should be excluded as inadmissable hearsay and/or as evidence of "prior bad acts." The arguments are not dispositive of the issue. Evidence of Bergsma's offensive conduct toward Plaintiff Sabzalian's predecessor may be introduced through evidence which is not hearsay or which is an exception to the hearsay rule. Furthermore, hearsay does not operate as an absolute bar to the admissibility of evidence, and evidence deemed admissible is relevant. It is within the district judge's discretion to admit hearsay evidence. <u>United States v. Castillo</u>, 14 F.3d 802 (2d Cir. 1994) (evidence admitted for rehabilitation of witness). Similarly, Defendant does not offer a complete picture of Fed. R. Evid. 404 regarding "prior bad acts". The Rule generally excludes evidence of other crimes, wrongs, or acts to prove *conformity*. However, 404 evidence may be admissible for other purposes, "such as proof of motive, opportunity... or knowledge..." This type of evidence, like most evidence, is evaluated on a case by case basis depending upon how the evidence is presented and in what context.

## IV. CONCLUSION

Based on the foregoing, Plaintiff EEOC respectfully requests that this Court deny Defendant's Motion in Limine to Exclude Evidence of Allegedly Offensive Behavior Done Outside the Presence of Plaintiff, Sabzalian and Motion In Limine To Exclude All Testimony Regarding Alleged Infidelity of Pam Bergsma.

        Respectfully submitted,

        GWENDOLYN Y. REAMS
        Acting Deputy General Counsel

        DELNER FRANKLIN-THOMAS
        Regional Attorney

        MICHAEL J. FARRELL
        Supervisory Trial Attorney

        KENNETH L. GILLESPIE
        Florida Bar No. 0083054
        Trial Attorney
        Equal Employment Opportunity Commission
        2 South Biscayne Boulevard, Suite 2700
        Miami, Florida 33131-1805
        Direct: (305) 530-6006
        Facsimile: (305) 536-4494

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing Plaintiff EEOC's Response to Defendant's Motion in Limine to Exclude Evidence of Allegedly Offensive Behavior Done Outside the Presence of Plaintiff, Sabzalian and All Testimony Regarding the Alleged Infidelity of Pam Bergsma was served upon the addressees below by facsimile on this 12th day of July, 2001:

>Ellen S. Malasky, Esq.
>Gunster, Yoakley & Stewart
>Phillips Point
>777 S. Flagler Drive, Suite 500 East
>West Palm Beach, FL 33401-6194
>
>Gary E. Lippman, Esq.
>Gary E. Lippman, P.A.
>1615 Place, Suite 1-B
>West Palm Beach, Florida 33401

_____
Kenneth L. Gillespie, Esq.